UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY ANN GROTH,

Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, LLC,

Defendant.

Case No. 26-2132-HLT-BGS

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Plaintiff Tracy Ann Groth's Motion for Appointment of Counsel (Doc. 26). Plaintiff proceeds pro se in this employment-discrimination action against National Credit Adjusters, LLC. For the reasons explained below, the motion is denied without prejudice.

## I. Background

Plaintiff asserts claims under Title VII for a hostile work environment based on sex and sexual orientation and for retaliation. She alleges that coworkers repeatedly made comments about her sexual orientation and that Defendant failed to stop the conduct after she reported it to management. She also alleges that, in retaliation, Defendant denied her a work assignment after her complaints and moved her to a separate room after her administrative charge. Doc. 23, at 1–4.

Plaintiff filed this action on March 10, 2026. *See* Doc. 1. Defendant moved to dismiss the original Complaint, and Plaintiff opposed dismissal and alternatively requested leave to amend. Docs. 12, 18. On September 29, the Court granted leave to amend and denied the motion to dismiss as moot and without prejudice. Doc. 22. Plaintiff filed her Amended Complaint on

September 30, and Defendant answered on October 14. Docs. 23–24. A scheduling conference is set for November 17, 2026. Doc. 25.

Plaintiff now requests counsel, explaining that she cannot afford an attorney and has been unable to obtain representation despite contacting several firms. She states that the case involves numerous incidents, multiple witnesses, and disputed facts. She also identifies chronic medical conditions that affect her ability to manage the litigation. Doc. 26, at 2–3, 5. A financial affidavit accompanies her motion. Doc. 27.

## II. Legal Standard

Title VII permits the Court to appoint counsel in circumstances it deems just. 42 U.S.C. § 2000e-5(f)(1). Appointment is discretionary; a Title VII plaintiff has no constitutional or statutory right to appointed counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). In a Title VII action, the plaintiff must show (1) financial inability to afford counsel, (2) diligence in seeking counsel, and (3) meritorious allegations of discrimination. *Id.* at 1421. In close cases, the Court also considers the plaintiff's ability to present the case without counsel. *Id.* The request warrants serious consideration, but the Court must also use the limited resources of volunteer counsel prudently. *Id.*

## III. Analysis

Plaintiff has not established that she cannot afford counsel. The relevant question is whether she can retain an attorney while meeting daily expenses; the financial inquiry is less stringent than the standard for proceeding in forma pauperis. *Id.* at 1422. Her affidavit reports net monthly income of $2,400 while she is on long-term disability and net monthly income of $3,467 for her spouse. Doc. 27, at 2–3. Their combined income of $5,867 exceeds the listed monthly expenses and debt payments by over $1,500. *Id.* at 2–6. Plaintiff also reports $20,000 in cash, checking, or savings accounts. *Id.* at 4. These reported resources, considered together with her listed obligations,

do not establish that retaining counsel would prevent her from meeting ordinary living expenses. *See Puffer v. Cessna Aircraft Co.*, 308 F. Supp. 443, 445–46 (D. Kan. 1969) (denying appointed counsel where the plaintiff's financial resources demonstrated an ability to retain counsel despite the resulting burden). The financial factor weighs against appointment.

Plaintiff's efforts to obtain counsel, however, favor her request. She identifies six firms she contacted. Three reportedly were too busy, two did not respond, and one would not accept a case after suit had been filed. Doc. 26, at 2–3. The Court assumes these efforts satisfy the requirement of reasonable diligence. *See Castner*, 979 F.2d at 1422.

The Court has also considered the merits of Plaintiff's claims. Her Amended Complaint describes repeated comments about her sexual orientation, reports to management, and the alleged continuation of the conduct despite those reports. She also identifies the denial of a work assignment and her later separation from coworkers as retaliation for her complaints and administrative charge. Doc. 23, at 2–4. For purposes of this motion, the Court assumes these allegations satisfy the merits factor and weighs that factor in Plaintiff's favor. This limited assessment does not resolve the ultimate merits of either claim.

Finally, Plaintiff's demonstrated ability to present her case weighs against appointment. This inquiry considers the complexity of the issues and her ability to gather and present the crucial facts. *Castner*, 979 F.2d at 1422. Plaintiff's response to the motion to dismiss addressed Defendant's arguments and explained how amendment could cure the alleged pleading deficiencies. Doc. 18, at 1, 3–7. Her Amended Complaint organizes the events chronologically, identifies the people involved and her reports to management, and separates her two Title VII claims. Doc. 23, at 1–4. These filings show that she can explain the relevant facts and present her position.

The issues also do not appear unusually complex at this stage. The claims concern what was said in the workplace, what Plaintiff reported, and how Defendant responded. Plaintiff anticipates

difficulty obtaining evidence, questioning witnesses, and responding to motions. Doc. 26, at 5. Although counsel could assist her with discovery and improve her presentation, that benefit alone does not warrant appointment. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The Court has also considered Plaintiff's rheumatoid arthritis, fibromyalgia, chronic pain, and fatigue. She states that these conditions affect her ability to manage complex litigation. Doc. 26, at 5. Although these conditions may make litigation more difficult, the motion describes their effects only generally. Given the issues presented and her ability thus far to explain her claims and respond to Defendant's arguments, the present record does not show that her health limitations warrant appointment. *See McLain v. Sedgwick Cnty. Sheriff's Off.*, No. 25-4036-JWB-BGS, 2025 WL 1696525, at *3 (D. Kan. June 17, 2025) (denying counsel despite alleged cognitive disabilities where the plaintiff's filings demonstrated an ability to present facts and legal arguments).

Plaintiff has not established financial inability to retain counsel, and her filings show that she can present her claims at the current stage. The denial is without prejudice to renewal if changed circumstances or developments in the case demonstrate a need for counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 26) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

Dated October 29, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge